[Cite as *Easterling v. Brogan*, 2012-Ohio-1852.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

WARREN EASTERLING                    :
                                     :          Appellate Case No. 24902
　　　　　Plaintiff-Appellant         :
                                     :          Trial Court Case No. 11-CV-4785
v.                                   :
                                     :          (Civil Appeal from
JUDGE JAMES A. BROGAN                :           Common Pleas Court)
                                     :
　　　　　Defendant-Appellee      :
                                     :

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of April, 2012.

. . . . . . . . . . .

WARREN EASTERLING, 71 Arlington Avenue, Dayton, Ohio 45417
　　　　Plaintiff-Appellant, *pro se*

BRIAN M. SPIESS, Atty. Reg. #0085049, and LINDA L. WOEBER, Atty. Reg. #0039112,
Montgomery, Rennie & Jonson, 36 East Seventh street, Suite 2100, Cincinnati, Ohio 45202
　　　　Attorneys for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}　Plaintiff-appellant, Warren Easterling, appeals from the order dismissing his action, under Civ.R. 12(B)(6), against Judge James Brogan, a former judge of this Court. Because we determine the trial court correctly dismissed Easterling's case, the order is

affirmed.

{¶ 2}    In 2009, Easterling filed suit against his former employer, Croswell Bus Lines, claiming that Croswell wrongfully terminated him from his bus-driving job. Easterling alleged that the termination violated the bus-driver disciplinary procedures established in Croswell's employee handbook. The trial court in that action sustained Croswell's motion for summary judgment, finding that the handbook clearly established that Easterling was an at-will employee, that the disciplinary procedures in the handbook created no rights or obligations, and that, even if they did, Croswell's actions complied with the handbook's plain language.[1]

{¶ 3}    Easterling appealed pro se. Judge Brogan was a member of the three-judge panel convened to hear Easterling's appellate case. The panel held that summary judgment for Croswell was proper, and it affirmed. *See Easterling v. Croswell Bus Lines*, 2d Dist. Montgomery No. 24008, 2010-Ohio-4752. Judge Brogan was the author of  the opinion explaining the panel's decision. The two other judges on the panel agreed not only with the result but also with the opinion's reasoning.

{¶ 4}    Easterling did not appeal the panel's judgment. Instead, he filed a complaint against Judge Brogan, naming him as the sole defendant. The complaint claims interference with civil rights, fraud, intent to defraud, and failure to perform a judicial duty. At the complaint's heart is the allegation that Judge Brogan failed to review Easterling's case against Croswell properly, principally by failing to read his briefs. Had Judge Brogan reviewed the case properly, the complaint asserts, he would not have found that summary judgment was

---

[1]The Ohio Supreme Court appointed a retired judge from the Hamilton County Court of Common Pleas to preside over the case in the trial court.

proper. The complaint demands total relief of $1 million–half in compensatory damages, the other half in punitive damages.

**{¶ 5}** Counsel for Judge Brogan filed a motion to dismiss the complaint. After a hearing at which both parties presented arguments, the trial court concluded that "judicial immunity is a complete roadblock to proceeding further." (Tr. 39). Consequently, the trial court sustained Judge Brogan's motion to dismiss under Civ.R. 12(B)(6), for failure to state a claim on which relief can be granted.[2]

**{¶ 6}** Easterling appealed.

**{¶ 7}** Easterling, in the sole assignment of error, argues that the trial court erred by dismissing his complaint. Orders granting dismissal under Civ.R. 12(B)(6) are reviewed de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 516, ¶ 5. This means that "an appellate court must independently review the complaint to determine whether dismissal is appropriate." (Citation omitted.) *Ament v. Reassure Am. Life Ins. Co.*, 180 Ohio App.3d 440, 2009-Ohio-36, 905 N.E.2d 1246, ¶ 60. We conclude that dismissal is appropriate.

**{¶ 8}** "As a general matter, when a judge acts in an official judicial capacity and has personal and subject-matter jurisdiction over a controversy, the judge is exempt from civil liability even if the judge goes beyond, or exceeds, the judge's authority and acts in excess of jurisdiction." (Citation omitted.) *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, 884 N.E.2d 7, ¶ 6. Accord *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d

---

[2] Judge Brogan also moved for dismissal under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. The trial court rejected this argument, and Judge Brogan has not raised the issue.

331 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). There is immunity even if the judge acted maliciously or with bias. *Wochna v. Kimbler*, 163 Ohio App. 3d 349, 2005-Ohio-4802, 837 N.E.2d 1226 (9th Dist.); *McCormick v. Carroll*, 8th Dist. Cuyahoga No. 83770, 2004-Ohio-5969; *Howard v. Supreme Court of Ohio*, 10th Dist. Franklin App. 04AP-1093, 04AP-1272, 2005-Ohio-2130. Civil liability attaches only if the judge "acts in an absence of all jurisdiction," which occurs "when a judge lacks either personal or subject-matter jurisdiction over the controversy, but, nevertheless, takes action in a judicial capacity that violates the rights of a party to the lawsuit." (Citations omitted.) *Borkowski* at ¶ 7. Easterling's complaint does not allege that Judge Brogan (or the court of appeals) lacked jurisdiction over his case against Croswell.[3]

{¶ 9} Easterling contends that absolute judicial immunity was abolished by the provision of the Political Subdivision Tort Liability Act codified in R.C. 2744.03(A)(6). Division (A)(6) grants political-subdivision employees qualified immunity:

> In addition to any immunity or defense referred to in division (A)(7) of this section * * *, the employee is immune from liability unless one of the following applies:
>
> > (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> > (b) The employee's acts or omissions were with malicious purpose, in bad

---

[3] At the appellate oral argument, in response to a question from the court, Easterling specifically acknowledged that Judge Brogan acted with jurisdiction.

faith, or in a wanton or reckless manner[.]

Easterling contends that division (A)(6) lifts Judge Brogan's immunity because the nature of his conduct is that described in subdivision (b). But division (A)(6) expressly states that the conditional immunity it grants is "in addition to" the immunity granted by division (A)(7). Division (A)(7) preserves the immunity for certain political-subdivision employees that exists at common law: "The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant to such person, or *a judge of a court of this state* is entitled to any defense or immunity available at common law or established by the Revised Code." (Emphasis added.) R.C. 2744.03(A)(7). This Court has concluded that division (A)(7) preserves the absolute immunity available to prosecutors at common law. *Rieger v. Marsh*, 2d Dist. Montgomery No. 24581, 2011-Ohio-6808, ¶ 35. Likewise, the division preserves the absolute immunity of judges, which the common law has long recognized as being based on "'a general principle of the highest importance to the proper administration of justice.'" *Stump* at 355, quoting *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L.Ed. 646 (1872).

{¶ 10} "Civ.R. 12(B)(6) permits the court, upon the motion of an adverse party, to dismiss a claim or claims for relief for failure to state a claim upon which relief may be granted. The motion * * * asserts that the pleader has failed to plead the operative grounds constituting a claim." (Citation omitted.) *Collins v. National City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 8. The complaint in this case alleges no facts that, if true, abrogate Judge Brogan's judicial immunity from civil liability. Therefore the complaint fails to state grounds for a valid claim against Judge Brogan, making dismissal appropriate.

{¶ 11}   The trial court's order dismissing Easterling's complaint is affirmed.

. . . . . . . . . . . . .

DINKELACKER and FISCHER, JJ, concur.


(Hon. Patrick T. Dinkelacker, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Warren Easterlilng
Brian Spiess
Linda L. Woeber
Hon. Timothy S. Hogan
(Sitting for Hon. Mary L. Wiseman)