[Cite as *Doe v. Greenville City Schools*, 2021-Ohio-2127.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## DARKE COUNTY

| | | |
|---|---|---|
| JANE DOE 1, A MINOR, et al. | : | |
| | : | |
| Plaintiffs-Appellees | : | Appellate Case No. 2020-CA-4 |
| | : | |
| v. | : | Trial Court Case No. 2020-CV-239 |
| | : | |
| GREENVILLE CITY SCHOOLS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 25th day of June, 2021.

. . . . . . . . . . .

MICHAEL L. WRIGHT, Atty. Reg. No. 0067698, ROBERT L. GRESHAM, Atty. Reg. No. 0082151 and KESHA Q. BROOKS, Atty. Reg. No. 0095424, 130 West Second Street, Suite 1600, Dayton, Ohio 45402
        Attorneys for Plaintiffs-Appellees

BRIAN L. WILDERMUTH, Atty. Reg. No. 0066303 and TABITHA JUSTICE, Atty. Reg. No. 0075440, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440
        Attorneys for Defendants-Appellants

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Defendants-appellants Greenville City School District Board of Education (the "Board of Education"), Stan Hughes and Roy Defrain appeal, pursuant to R.C. 2744.02(C), from the trial court's judgment of September 10, 2020, in which the court overruled their motion to dismiss the complaint of Plaintiffs-appellees, Jane Doe 1, Jane Doe 2, Patrick Eichelberger and Cherylene Sutphin. Raising three assignments of error, Appellants argue that the trial court erred by overruling their motion to dismiss the individual defendants pursuant to R.C. 2744.03(A)(6), by determining that the absence of safety equipment might satisfy the definition of the term "physical defect" for purposes of R.C. 2744.02, and by failing to determine whether the Board of Education is immune from liability pursuant to R.C. 2744.03(A)(3) and (5).

**{¶ 2}** We hold that the trial court erred by overruling Appellants' motion to dismiss Appellees' claims against 10 unnamed employees of the Board of Education, and the court's judgment is reversed in that respect. Otherwise, for the following reasons, we hold that the trial court did not err, and the court's judgment of September 10, 2020, is therefore affirmed in all other respects. The matter is remanded for further proceedings consistent with this opinion.

## I. Facts and Procedural History

**{¶ 3}** Jane Doe 1 and Jane Doe 2 were minor students at Greenville High School in December 2019. *See* Amended Complaint ¶ 5, Aug. 21, 2020. During an experiment in their science class on December 9, 2019, the two students suffered injuries when a bottle of isopropyl alcohol caught fire and exploded. *Id.* at ¶ 6-7 and 9.

**{¶ 4}** On May 28, 2020, Appellees filed a complaint against Appellants, five identified members of the Board of Education, ten unnamed employees of the Board of

Education, HCC Life Insurance Company, and the Ohio Department of Medicaid. *See* Complaint ¶ 1-6, 24 and 27, May 28, 2020. Appellants moved to dismiss the complaint on July 22, 2020.

{¶ 5} Prompted by Appellants' motion, Appellees voluntarily dismissed the five identified members of the Board of Education on August 3, 2020, and with leave of court, Appellees filed an amended complaint on August 21, 2020. In the amended complaint, Appellees allege that while Jane Doe 1 and Jane Doe 2 were participating in "a class-sanctioned [sic] science experiment," they were injured as a result of Appellants' "fail[ures] to provide proper safety equipment, [such as] a fire extinguisher," and "to enact * * * appropriate protocols [for the adequate] supervis[ion] and protect[ion]" of "students during classroom activities."[1] *See* Amended Complaint ¶ 7 and 12.

{¶ 6} Appellants moved to dismiss Appellees' amended complaint on August 28, 2020, arguing that the Board of Education and Roy Defrain were immune from liability under R.C. Chapter 2744, and that Appellees had not satisfied the requirements of Civ.R. 15(D) with respect to the 10 unnamed employees of the board.[2] The trial court overruled the motion in its judgment of September 10, 2020, largely in reliance on the opinion of the Ohio Supreme Court in *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-

---

[1] Appellees provide no definition for the term "class-sanctioned."

[2] Appellants did not draft a motion to dismiss directed specifically to Appellees' amended complaint. Instead, Appellants merely "adopt[ed], reiterate[d], and incorporate[d] by reference" their motion of July 22, 2020, to dismiss Appellees' original complaint. Certain parts of the motion to dismiss the original complaint, however, had been rendered moot by the amended complaint, and Appellants consequently offered no argument for the dismissal of the amended complaint as it relates to Defendant-appellant, Stan Hughes. *See* Defendants' Motion to Dismiss Amended Complaint 2, Aug. 28, 2020.

Ohio-1250, 905 N.E.2d 606.  Judgment Entry on Defendants' Motion to Dismiss 8-9, Sept. 10, 2020 [hereinafter *Judgment Entry*].

{¶ 7} Under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in [R.C.] [C]hapter [2744] or any other provision of the law is a final order." Appellants timely filed a notice of appeal to this court on October 7, 2020.

## II. Analysis

{¶ 8} Appellants' assignments of error all implicate Civ.R. 12(B)(6).  A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "is [a] procedural [motion that] tests the sufficiency of [a] complaint."  *State ex rel. Hanson v. Guernsey County Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). On consideration of a motion to dismiss, a trial court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party."  (Citations omitted.)  *Mitchell v. Lawson Milk Co.*, 40 Ohio St. d 190, 192, 532 N.E.2d 753 (1988).   For dismissal to be warranted, the trial court must find "the plaintiff [could] prove no set of facts * * * that would entitle the plaintiff to the relief sought." *Ohio Bureau of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), and *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14; *see also Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 35-46.

{¶ 9} On appeal, a trial court's ruling on a motion to dismiss under Civ.R. 12(B)(6) is reviewed de novo.  *Bennett v. Montgomery Cty. Clerk of Court*, 2d Dist. Montgomery

No. 26675, 2015-Ohio-4108, ¶ 7. Accordingly, an "appellate court must independently review the complaint," and accepting for purposes of its review that the "allegations * * * in the complaint are true," determine "whether dismissal [was or was not] appropriate" as a matter of law. *Ament v. Reassure Am. Life Ins. Co.*, 180 Ohio App.3d 440, 2009-Ohio-36, 905 N.E.2d 1246, ¶ 60 (8th Dist.); *see also Easterling v. Brogan*, 2d Dist. Montgomery No. 24902, 2012-Ohio-1852, ¶ 7, citing *Ament* at ¶ 60.

{¶ 10} For their first assignment of error, Appellants contend that:

IN DENYING THE MOTION TO DISMISS OF ALL DEFENDANTS, THE TRIAL COURT ERRED BY NOT APPLYING THE SPECIFIC IMMUNITY ANALYSIS REQUIRED BY [R.C. 2744.03(A)(6)] FOR CLAIMS AGAINST INDIVIDUAL GOVERNMENT EMPLOYEES.

{¶ 11} Appellants argue that the trial court's judgment should be reversed because the court "did not consider or even address [the question of] whether [Stan Hughes and Roy Defrain] were entitled to immunity under R.C. 2744.03(A)(6)"; because Appellees "have failed to allege facts as to [Hughes and Defrain respectively that suffice under Civ.R. 8 to] support [Appellees'] conclusory assertions of bad faith, [or] malicious, reckless, or wanton conduct"; and because, pursuant to App.R. 15(D), the trial court should have dismissed Appellees' claims against ten unnamed employees of the Board of Education. Appellants' Brief 5-11; *see also* Amended Complaint ¶ 5-6. In response, Appellees argue simply that Hughes and Defrain are not entitled to immunity under R.C. 2744.03(A)(6). Appellees' Brief 10-14.

{¶ 12} R.C. 2744.03(A)(6) establishes that an employee of a political subdivision is immune from liability unless: (1) the "employee's acts or omissions are manifestly

outside the scope of the employee's employment or official responsibilities"; (2) the "employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner"; or (3) "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code."  *See also Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 17.  A trial court's ruling on the "issue of statutory immunity for [an employee of] a political subdivision [is] a question of law," although the underlying issue of whether the employee acted maliciously, in bad faith, or in a wanton or reckless manner, is generally a question of fact.  *Pendry v. Troy Police Dept.*, 2d Dist. Montgomery No. 28531, 2020-Ohio-3129, ¶ 13, citing *Hoffman v. Gallia Cty. Sheriff's Office*, 2017-Ohio-9192, 103 N.E.3d 1, ¶ 38 (4th Dist.).

{¶ 13} In the first part of their argument, Appellants charge the trial court with error for omitting an express determination of whether Hughes and Defrain were entitled to immunity under R.C. 2744.03(A)(6).  Appellants' Brief 7.  Civ.R. 52, however, states that "[f]indings of fact and conclusions of law * * * are unnecessary upon all * * * motions," other than those under Civ.R. 23(G)(3), Civ.R. 41(B)(2) and Civ.R. 52 itself, "including [motions] pursuant to Civ.R. 12, Civ.R. 55 and Civ.R. 56."  The trial court's omission of an express analysis of the applicability of R.C. 2744.03(A)(6) to Appellees' claims against Hughes and Defrain, therefore, is not grounds for reversal of the trial court's judgment.

{¶ 14} In the second part of their argument, Appellants maintain that the trial court erred by overruling their motion to dismiss Appellees' claims against Hughes and Defrain because Appellees "have not alleged any particular facts to explain how [Hughes and Defrain] purported[ly] * * * acted in bad faith, recklessly, wantonly, or maliciously." Appellants' Brief 7.  Appellants fault Appellees for indiscriminately alleging that "all [of

the] defendants [were] responsible for all [of the reckless, wanton or malicious] acts" on which Appellees' claims for relief are predicated; for "not alleg[ing] any facts in [the amended] complaint that would have placed any district employee on notice that not having a fire extinguisher or [other,] unspecified protective equipment would, in all probability, result in the specific harm" for which Appellees seek redress; and for "not alleg[ing] any facts that constituted a perverse disregard of a known risk * * * that a bottle of isopropyl alcohol would explode." (Emphasis omitted.) *Id.* at 7 and 10.

{¶ 15} Appellees allege, in relevant part, that Roy Defrain taught "a science class [at Greenville High School, which Jane Doe 1 and Jane Doe 2] attended" at the time they were injured; that Stan Hughes "was the principal of Greenville High School"; that Jane Doe 1 and Jane Doe 2 suffered injury "in the process of conducting a[n] [in-class] science experiment, [when] a bottle of isopropyl alcohol caught fire and exploded"; that [Hughes and Defrain] breached [the] duty [of care they] owed to [Jane Doe 1 and Jane Doe 2] by failing to provide proper safety equipment * * *, especially, but not limited to, a fire extinguisher inside the classroom," and by "fail[ing] to enact * * * appropriate protocols [for the] supervis[ion] and protect[ion] [of] Jane Doe 1 and Jane Doe 2 * * * during classroom activities." Amended Complaint ¶ 3-4, 7 and 12. Appellees characterize these alleged breaches of duty as "negligent, reckless and wanton." *Id.* at ¶ 19.

{¶ 16} Notwithstanding that Appellants' criticisms of the amended complaint have some merit—given, for example, that Appellees do not allege that Hughes individually acted recklessly or wantonly, or that Defrain individually acted recklessly or wantonly— we hold that the amended complaint suffices, even if minimally, to put Appellants on notice of the nature of the claims against them. Appellees claim a right to recovery

against Hughes and Defrain under R.C. 2744.03(A)(6)(b), according to which Appellees must prove that Hughes and Defrain's "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."[3]   *See* Amended Complaint ¶ 19.   Here, Appellees allege that Hughes and Defrain were reckless or wanton.   *Id.*

**{¶ 17}** The term "reckless" means "conduct characterized by 'the conscious disregard of[,] or indifference to[,] a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct,' " and the term "wanton" refers to " 'the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is a great probability that harm will result.' "   *Para v. Jackson*, 2021-Ohio-1188, ___ N.E.3d ___, ¶ 22 (8th Dist.), quoting *Anderson v. City of Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraphs three and four of the syllabus.   Appellees, as noted, allege that Jane Doe 1 and Jane Doe 2 were injured during an experiment in their science class when a bottle of isopropyl alcohol caught fire and exploded.   Amended Complaint ¶ 7.

**{¶ 18}** Although a "plaintiff must plead the operative facts with particularity in some cases, the plaintiff in a sovereign immunity case does not."   *Para* at ¶ 28, citing *David v. Matter*, 2017-Ohio-7351, 96 N.E.3d 1012, ¶ 8 (6th Dist.).   Isopropyl alcohol is a flammable liquid, and despite the lack of allegations detailing the precise nature of the experiment at issue in this case, a reasonable inference is that the experiment involved the use of a Bunsen burner or other source of intense heat, which ignited the alcohol.   In

---

[3] Appellees do not allege that any of Hughes and Defrain's alleged "acts or omissions were manifestly outside the scope of [their] employment," or that "[c]ivil liability is expressly imposed upon [them] by a section of the Revised Code."   *See* Amended Complaint ¶ 3-6 and 10-12; R.C. 2744.03(A)(6)(a) and (c).

the context of a science-class experiment, the risk that a flammable liquid might catch fire in the presence of an open flame or other source of intense heat should be obvious. Whether Hughes and Defrain, individually or collectively, consciously disregarded or were indifferent to the risk, and whether such disregard or indifference was a substantially greater deviation from the standard of care than ordinary negligence, are questions of fact. *Pendry*, 2d Dist. Montgomery No. 28531, 2020-Ohio-3129, at ¶ 13. Whether Hughes and Defrain, individually or collectively, failed to exercise any care at all, and whether the circumstances of the experiment gave rise to a great probability that the alcohol would be ignited, are likewise questions of fact. *Id.*

{¶ 19} In the third part of their argument, Appellants assert that the trial court erred by overruling their motion to dismiss as it related to Appellees' claims against 10 unnamed employees of the Board of Education. Appellants' Brief 11. Under Civ.R. 15(D), if plaintiffs "do not know the name of a defendant, that defendant may be designated in [the complaint] by any name and description," but the plaintiffs, "in such [a] case, must aver in [their] complaint that [they] could not discover the [defendant's] name." We hold that the trial court erred by overruling Appellees' motion to dismiss as the motion related to the unnamed defendants, because Appellees did not allege that they were unable to discover the defendants' names.

{¶ 20} For all of the foregoing reasons, Appellants' first assignment of error is overruled with respect to the trial court's omission of an express determination of whether Stan Hughes and Roy Defrain are immune from liability under R.C. 2744.03(A)(6), and with respect to Appellants' argument that Appellees' allegations against Hughes and

Defrain were insufficient to satisfy the requirements of Civ.R. 8.[4] Appellants' first assignment of error is, however, sustained with respect to the trial court's failure to dismiss the 10 unnamed defendants pursuant to Civ.R. 15(D).

{¶ 21} For their second assignment of error, Appellants contend that:

THE TRIAL COURT ERRED IN FINDING THAT THE ALLEGED ABSENCE OF A FIRE EXTINGUISHER OR [OTHER] UNSPECIFIED PROTECTIVE EQUIPMENT MAY CONSTITUTE A "PHYSICAL DEFECT" WITHIN OR ON THE GROUNDS OF GOVERNMENT BUILDINGS.

{¶ 22} Appellees claim a right to recover against the Board of Education under R.C. 2744.02(B)(4), alleging that the lack of a fire extinguisher and other safety equipment in the classroom in which Jane Doe 1 and Jane Doe 2 were injured was a "physical defect." *See* Amended Complaint ¶ 2, 12 and 18. Relying primarily on an opinion released by the Ohio Supreme Court in 2009, the trial court found that "there exists a cause of action under the facts [alleged] by [Appellees,] which would permit the further prosecution of [Appellees'] civil claims" against Appellants. Judgment Entry 8-9. Appellants argue that the trial court thereby erred.

{¶ 23} The analysis of whether a political subdivision is immune from liability under R.C. Chapter 2744 involves a three-point analysis. *Colbert v. City of Cleveland*, 99 Ohio

---

[4] In a recent opinion, we affirmed a trial court's decision to dismiss a complaint against employees of the Tecumseh Local Board of Education under R.C. 2744.03(A)(6) because the allegations "were bare assertions." *See Cline v. Tecumseh Local Bd. of Edn.*, 2d Dist. Clark No. 2020-CA-36, 2021-Ohio-1329, ¶ 16. By contrast, Appellees allege in their amended complaint that Hughes and Defrain recklessly or wantonly failed to equip the science classroom, in which Jane Doe 1 and Jane Doe 2 were injured, with a fire extinguisher or other appropriate safety equipment, and similarly, that Hughes and Defrain recklessly or wantonly failed to enact appropriate protocols for the supervision and protection of Jane Doe 1 and Jane Doe 2 during classroom activities.

St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. First, "the general rule [is] that a political subdivision is immune from liability incurred in performing either a governmental function or [a] proprietary function." *Id.* Second, "a court [must] determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) appl[ies] to [abrogate] the political subdivision['s] [immunity from] liability." *Id.* at ¶ 8. Third, if any of the five exceptions is applicable, "and no defense [established in R.C. 2744.02(B) shields] the political subdivision from liability, then the * * * court [must] determine whether any of the defenses in R.C. 2744.03 appl[ies]." *Id.* at ¶ 9. Here, the exception on which Appellees rely is set forth in R.C. 2744.02(B)(4), according to which a political subdivision is "liable for injury * * * that is caused by the negligence of [its] employees," that "occurs within or on the grounds" of a building that is "used in connection with the performance of a governmental function," and is the result of "physical defects" within or on the grounds of the building.

{¶ 24} Appellants do not dispute that the Board of Education is a political subdivision performing a governmental function or that Jane Doe 1 and Jane Doe 2 were injured within a building used for a governmental function. *See* Appellants' Brief 12-16. Instead, Appellants argue that the absence of safety equipment cannot constitute a physical defect as a matter of law. *Id.* at 13-15.

{¶ 25} As the trial court noted in its judgment, "[t]here [is] a split [among] the appellate districts on the application of R.C. 2744.02(B)(4)," and this court has not yet issued an opinion directly on point. Judgment Entry 7-8. Yet, in the 2009 opinion on which the trial court largely based its judgment, the Ohio Supreme Court considered "whether the absence of a required smoke detector [was] a 'physical defect' occurring on

the grounds of [the Lorain Metropolitan Housing Authority's] property." *See Moore,*121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, ¶ 25; Judgment Entry 8-9. The Court concluded that it had to "remand [the case] to the trial court for further proceedings" because the trial court had "not fully consider[ed] [the] issue, which, if established, would dissolve [the housing authority's] immunity." *Id.*

{¶ 26} Appellants suggest that the trial court misplaced its reliance inasmuch as the Ohio Supreme Court "gave no hint as to how it might [have] ruled" had the issue been squarely raised in *Moore*, but Appellants thus understate the significance of the Court's rationale for remanding the case. Appellants' Brief 13. Regardless of how the Court might have ruled, remand would not have been appropriate had the absence of "required" safety equipment been insufficient, as a matter of law, to qualify as a "physical defect" for purposes of the exception to a political subdivision's immunity under R.C. 2744.02(B)(4). *See Moore* at ¶ 25.

{¶ 27} The record in the instant case, being limited to the allegations in the amended complaint, is inadequate to support a determination of what, if any, safety equipment was required in the classroom in which Jane Doe 1 and Jane Doe 2 were injured, and arguably, the Court's opinion in *Moore* indicates that the absence of fire safety equipment could constitute a physical defect if the equipment were a legal or regulatory requirement. Consequently, we hold that the trial court did not err by overruling Appellants' motion to dismiss as it related to Appellees' claims against the

Board of Education.[5]   Appellants' second assignment of error is overruled.

{¶ 28} For their third assignment of error, Appellants contend that:

THE TRIAL COURT ERRED IN NOT EVALUATING WHETHER ANY STATUTORY DEFENSES WERE AVAILABLE TO REESTABLISH IMMUNITY FOR THE BOARD OF EDUCATION.

{¶ 29} Specifically, Appellants argue that the trial court's judgment should be reversed because the court did not determine whether the Board of Education's immunity would "be restored [under] R.C. 2744.03(A)(3) and (5)," assuming that the exception to immunity under R.C. 2744.02(B)(4) is applicable.   Appellants' Brief 16.   Pursuant to R.C. 2744.03(A)(3), in "a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function," the subdivision is "immune from liability if the action or failure to act by the employee involved * * * was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee."   Under R.C. 2744.03(A)(5), the "political subdivision is immune from liability if the injury, death, or loss to person or property

---

[5] To be clear, we do not hold that the absence of a fire extinguisher or other safety equipment is necessarily a "physical defect" within the meaning of R.C. 2744.02(B)(4), but merely that the absence of such equipment could be a physical defect under the statute in some circumstances.   As we have indicated, the record in the present procedural posture of this case is insufficient to establish what, if any, equipment was required, and furthermore, the record in insufficient to establish what, if any, equipment was actually provided.   We hold only that the question of whether the absence of certain safety equipment is a physical defect under R.C. 2744.02(B)(4) is an issue for the trial court to resolve in the first instance, once the record has been developed sufficiently to permit the trial court to make the necessary findings of fact.

resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities," or other resources, "unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 30} Citing opinions issued by the Ohio Supreme Court and the Tenth District Court of Appeals, Appellants argue that because the employees of a "[p]olitical subdivision have wide discretion in determining what level of supervision is appropriate to promote the safety of * * * children in their care," the "Board of Education's * * * immunity would be reinstated as a matter of law," even if the alleged absence of a fire extinguisher and other safety equipment constituted a physical defect for purposes of R.C. 2744.02(B)(4). Appellants' Brief 17-18, citing *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 20, and *Douglas v. Columbus City Schools Bd. of Edn.*, 10th Dist. Franklin No. 18AP-940, 2020-Ohio-1133, ¶ 27-30. Each of these cases, however, related to a trial court's ruling on a motion for summary judgment. *Elston* at ¶ 2; *Douglas* at ¶ 1. In the instant case, the trial court overruled Appellants' motion to dismiss under Civ.R. 12(B)(6).

{¶ 31} Furthermore, to demonstrate that its immunity from liability should be restored under R.C. 2744.03(A)(3), the Board of Education would have to prove that Hughes and Defrain's alleged "action[s] or failure[s] to act" were "within [their] discretion * * * with respect to policy-making, planning, or enforcement" by virtue of "the duties and responsibilities" associated with their positions. The record, in light of the procedural posture of this case, is insufficient to establish the extent, if any, of Hughes and Defrain's discretion to engage in policy-making, planning or enforcement.

{¶ 32} Similarly, to demonstrate that its immunity from liability should be restored under R.C. 2744.03(A)(5), the Board of Education would have to prove that the injuries suffered by Jane Doe 1 and Jane Doe 2 were the result of Hughes and Defrain's "exercise of judgment or discretion in determining whether to acquire, or how to use" safety equipment in the classroom in which the injuries occurred. Yet, even assuming that Hughes and Defrain had such discretion, the board's immunity would not be restored if Hughes and Defrain exercised their discretion "with malicious purpose, in bad faith," or "in a wanton or reckless manner," as Appellees allege. The question of whether Hughes and Defrain acted in a wanton or reckless manner is a question of fact beyond the scope of Appellants' motion under Civ.R. 12(B)(6).

{¶ 33} Because the record is insufficient to determine the extent of Hughes and Defrain's discretion with respect to policy-making, planning or enforcement, and because the determination of whether Hughes and Defrain acted in a reckless or wanton manner with respect to the exercise of their discretion, if any, to acquire and use safety equipment, we hold that the trial court did not err by omitting an express analysis of whether the Board of Education's immunity would be restored under R.C. 2744.03(A)(3) or (5) in the event that the court found the exception set forth in R.C. 2744.02(B)(4) to be applicable to Appellees' claims for relief. Appellants' third assignment of error is overruled.

### III. Conclusion

{¶ 34} Under Civ.R. 52, the trial court was not obligated to issue findings of fact and conclusions of law as part of its ruling on Appellants' motion to dismiss, meaning that the court did not err by omitting an express determination of whether Stan Hughes and Roy Defrain are immune from liability under R.C. 2744.03(A)(6). Moreover, the trial court

did not err by finding that Appellees could, theoretically, prove a set of facts entitling it to relief against the Board of Education under R.C. 2744.02(B)(4), nor did the court err by omitting an express analysis of whether the Board of Education's immunity would be restored pursuant to R.C. 2744.03(A)(3) or (5), in the event that Appellees proved that the absence of a fire extinguisher or other safety equipment constituted a physical defect within the Greenville High School facility.   The trial court, however, did err by overruling Appellants' motion with respect to the 10 unnamed employees listed as defendants in Appellees' amended complaint, because Appellees did not fulfill the requirements of Civ.R. 52.

{¶ 35} Therefore, the trial court's decision is affirmed in part and reversed in part. The case is remanded to the trial court for further proceedings consistent with this opinion, specifically, with an instruction to enter an order dismissing the 10 unnamed defendants.

. . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Michael L. Wright
Robert L. Gresham
Kesha Q. Brooks
Brian L. Wildermuth
Tabitha Justice
Daran Kiefer
Joseph McCandlish
Hon. Jonathan P. Hein