[Cite as *Coddington v. Zurawka*, 2026-Ohio-1301.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| THOMAS CODDINGTON | : | |
| | : | C.A. No. 30687 |
| Appellant | : | |
| | : | Trial Court Case No. 2024 CV 04478 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| MARY ZURAWKA TRUSTEE ET AL. | : | Court) |
| | : | |
| Appellees | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 10, 2026, the judgment of the trial court is reversed and remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HUFFMAN, J., concur.

WILLIAM R. MILLER, Attorney for Appellant
TERRY W. POSEY, JR., Attorney for Appellee

LEWIS, P.J.

{¶ 1} Plaintiff-appellant Thomas Coddington ("Thomas") appeals from an order of the Montgomery County Common Pleas Court that dismissed his complaint. For the following reasons, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

## I.     Facts and Course of Proceedings

{¶ 2} On June 3, 2023, Earl L. Coddington, Thomas's father, died. On August 20, 2024, Thomas filed a complaint in the Montgomery County Common Pleas Court against Defendants Samuel Coddington, Theresea Averbeck, Irma L. Holt, and Mary Zurawka (collectively, "Defendants"). Thomas named Zurawka individually and in her capacities as the executor of the Estate of Earl L. Coddington, the successor trustee of the Coddington Living Trust Dated 07/28/2017, and the successor trustee of the Samuel Coddington Irrevocable Trust. Thomas alleged that he and the four individuals named as defendants in his complaint are the five children of Earl L. Coddington. Thomas further alleged that Zurawka is the named alternate executor in the last will and testament of Earl L. Coddington, which was "presented to the Montgomery County Probate Court on November 17, 2023 in Case Number 23-EST-2357." Complaint, ¶ 5.

{¶ 3} In his complaint, Thomas sought the return of his equipment, which had been stored on his father's property. The primary basis for Thomas's claims against his siblings and the executor and trustee was provided in paragraphs six through eight of the complaint:

6. In the early 1980's, Earl L. Coddington ("Earl") lost his job at Chart Tech Tool and obtained employment at Dynapoint Tool where Plaintiff was the plant manager. During his employment at Dynapoint, Earl approached Plaintiff to join him in starting a machining business. Plaintiff and Earl began working together as a sole proprietorship in approximately 1989 using the name ET Machine Company. The business and all equipment were located in a building located on Earl's property.

7. The initial capital contribution for the business was provided by Earl and equipment was purchased; Plaintiff supplied his experience in the industry as well as his existing customer base. In 1992, due to a large tax debt owed by Earl and concern about the future of the business continuing as a sole proprietorship, Plaintiff insisted that the business be incorporated and engaged both legal and accounting professionals to assist with such. The business was incorporated as ET Machine and Tool Corporation with Earl and Plaintiff being equal shareholders and Plaintiff taking the officer position of President/Secretary and Earl as Vice-President/Treasurer. Earl's wife, Mary Coddington worked for the company as the bookkeeper.

8. Per agreement between Earl and Plaintiff, Earl was paid back his initial capital investment plus additional funds representing a buy-out for his one-half of the company as the long-term plan was for Earl to retire and Plaintiff continue the business. By 1996, Earl had been paid in full for his initial capital contribution and for his one-half interest. Earl advised that he wanted to cease working and Plaintiff was not able to maintain the business by himself. The parties agreed that the equipment, that was now solely owned by Plaintiff

3

by virtue of having bought out Earl's share of the business, would remain on the premises so that Earl could use the equipment if he wished. Earl agreed to maintain the equipment, acknowledged that the equipment belonged to Plaintiff and that no storage or rental fees would be required.

{¶ 4} Thomas alleged that when his father died, he talked to Zurawka about removing or selling the equipment, but Zurawka "advised that the equipment belonged solely to Earl and would be handled through his Estate and/or Trust(s)." *Id.* at ¶ 10. According to Thomas, "[Zurawka], in her capacity as Trustee and/or Executor, is wrongfully withholding from Plaintiff and/or has converted the equipment, supplies and remaining assets/inventory of ET Machine and Tool Corporation." *Id.* at ¶ 12.

{¶ 5} Defendants filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). According to the motion, the allegations in Thomas's complaint were "(1) predicated on an agreement which is not incorporated into the Complaint, and if oral, barred by the statute of frauds under R.C. 1335.05; or (2) barred by the timely failure to assert a claim in the estate of Samuel Coddington." Thomas did not file a response to Defendants' motion to dismiss.

{¶ 6} On October 24, 2025, the trial court granted Defendants' motion to dismiss because Thomas failed to present his claims to Earl L. Coddington's Estate within six months of Earl's death as is required by R.C. 2117.06. The trial court did not address Defendants' statute of frauds argument. Thomas filed a timely notice of appeal.

II. **The Trial Court Erred by Granting Defendants' Motion to Dismiss Based on R.C. 2117.06**

{¶ 7} Thomas's two assignments of error are as follows:

THE COMMON PLEAS COURT ERRORED BY DISMISSING PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS WHO ARE NOT A

4

PROBATE ESTATE PURSUANT TO OHIO REVISED CODE SECTION 2117.06.

THE COMMON PLEAS COURT ERRORED BY DETERMINING THAT THE PLAINTIFF ONLY ALLEGED A CAUSE OF ACTION FOR BREACH OF CONTRACT OR AGREEMENT AGAINST THE DECEDENT AND NOT A CAUSE OF ACTION FOR REPLEVIN OR CONVERSION AGAINST ALL SEVEN DEFENDANTS.

{¶ 8} "A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted 'is [a] procedural [motion that] tests the sufficiency of [a] complaint.'" *Doe v. Greenville City Schools*, 2021-Ohio-2127, ¶ 8 (2d Dist.), quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). When reviewing the sufficiency of a complaint, this court is mindful that Civ.R. 8(A) provides for notice pleading, which requires a "short and plain statement of the claim showing that the party is entitled to relief" and "a demand for judgment for the relief to which the party claims to be entitled." The court must accept all the factual allegations in the complaint as true and construe all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The Ohio Supreme Court has cautioned that a trial court should not grant a motion to dismiss "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957). For example, if a court can determine conclusively from the face of the complaint that an action is time-barred, the court may dismiss the complaint pursuant to Civ.R. 12(B)(6). *Doe v. Archdiocese of Cincinnati*, 2006-Ohio-2625, ¶ 11.

5

**{¶ 9}** When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, "'an appellate court must independently review the complaint to determine whether the dismissal is appropriate.'" *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 13 (2d Dist.), quoting *Ament v. Reassure Am. Life Ins. Co.*, 2009-Ohio-36, ¶ 60 (8th Dist.). Therefore, we review de novo the trial court's decision granting Defendants' motion to dismiss. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 4-5.

**{¶ 10}** The trial court relied on R.C. 2117.06 in granting Defendants' motion to dismiss. That statute provides that "[a]ll creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims" in one of the manners provided for in R.C. 2117.06(A)(1) and (2). Further, "[e]xcept as provided in section 2117.061 of the Revised Code, all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period." R.C. 2117.06(B). "[A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees." *Id.*

**{¶ 11}** The trial court granted Defendants' motion to dismiss because "Plaintiff's claims arise out of an alleged agreement between him and Earl. Thus, Plaintiff's cause of action is simply a claim for the return of property and/or money due based upon an alleged agreement formed with his father Earl, who is now deceased. Following Earl's death, all of his contractual obligations became a debt of the estate." Decision (Oct. 24, 2025), p. 3-4. The trial court concluded "that it is clear Plaintiff's claim(s) were required to be presented to

6

Earl's estate within six months of his death on June 3, 2023, in accordance with R.C. 2117.06. However, rather than present his claim(s) to the estate, Plaintiff filed his claim(s) in this case on August 20, 2024, more than 12 months after Earl's death." *Id.* at 4.

{¶ 12} Thomas argues that the trial court erred in dismissing his complaint because he did not allege the personal property at issue was estate property subject to R.C. 2117.06. Rather, Thomas alleged that he was the owner of the property. Defendants argue that Thomas must comply with R.C. 2117.06 because his claim arises from an obligation incurred by Earl during his lifetime. According to Defendants, "Thomas cannot allege wrongful possession without relying on the alleged agreement with Earl that allowed the equipment to remain on Earl's property indefinitely." Appellees' Brief, p. 6.

{¶ 13} After reviewing the record before us and the applicable law, we conclude that the trial court's judgment must be reversed based on the Ohio Supreme Court's holding in *Lewis v. Steinreich*, 1995-Ohio-133. There, Edwin Rippe died testate in 1986. Prior to his death, Rippe had opened two brokerage accounts for the purpose of managing and trading various securities. The brokerage accounts named Rippe and his only child, Karen Steinreich, as joint tenants with right of survivorship. After Rippe died, the executor of Rippe's estate distributed assets from the brokerage account to Steinreich. *Id.* at ¶ 1.

{¶ 14} In March 1988, Evelyn Lewis, Rippe's widow, was appointed as administrator ad litem of Rippe's estate. As administrator ad litem, Lewis had authority to institute legal actions against Steinreich to recover the assets of the brokerage accounts on behalf of Rippe's estate. Before Lewis instituted an action, however, Steinreich died testate. *Id.* at ¶ 2.

{¶ 15} In April 1990, Lewis, in her capacity as administrator ad litem for Rippe's estate, filed a declaratory action against Steinreich's estate seeking to regain possession or

7

control of the brokerage accounts or their proceeds as belonging to Rippe's estate. The probate court found that at the time Rippe placed the assets in the joint and survivorship brokerage accounts, he had no intent to give Steinreich a present interest in the assets. Therefore, the probate court concluded that the property belonged to Rippe's estate. *Id.* at ¶ 3. The executor of Steinreich's estate appealed to the Ninth District Court of Appeals. *Id.* at ¶ 4.

{¶ 16} The appeals court reversed the probate court's declaratory judgment on an entirely different basis, holding that Lewis failed to present her claim to Steinreich's estate within the time allowed by R.C. 2117.06, which at that time was three months after the appointment of the executor or administrator. *Lewis*, 1995-Ohio-133, at ¶ 4. Rippe's estate appealed to the Ohio Supreme Court. *Id.* at ¶ 5.

{¶ 17} The Ohio Supreme Court reversed the decision of the Ninth District Court of Appeals and held that "the presentment requirements of R.C. 2117.06, the creditor's claim statute, cannot be applied to bar the claim of an owner who seeks to recover the assets wrongfully held in an estate." *Id.* at ¶ 10. The Court explained the basis for its holding:

> We find that Lewis's ownership claim is not a creditor's claim within the meaning of R.C. 2117.06. The presentment requirements of R.C. 2117.06 apply only to those claims which may be allowed as debts payable out of the assets of an estate. . . . Lewis, however, is not claiming an interest in any part of the assets rightfully found in Steinreich's estate. Instead, she claims a right on behalf of Rippe's estate to recover assets she alleges are wrongfully held in Steinreich's estate. "'The true owner of [property] traced to the possession of another has the right to have [the property] restored, not as a debt due and owing, but because it is his property wrongfully withheld from

8

him.'" . . . When property held by the decedent at the time of her death is actually owned by another from whom possession is wrongfully withheld, such property is not property belonging to the estate and the party claiming ownership is not a creditor of the estate. . . . "[E]xecutors have no right or power to administer assets which do not belong to [an] estate." . . . As Lewis asserts that the brokerage account assets do not belong to Steinreich's estate, she has no debt to claim against the estate's assets and, therefore, did not have to present her claim to Steinreich's estate in accordance with R.C. 2117.06.

*Id.* at ¶ 8.

{¶ 18} Thomas alleged that his equipment was being wrongfully withheld by one or more of the Defendants. Complaint, ¶ 12-13. The record before us does not establish whether the equipment at issue in the complaint was included as an asset in the Estate of Earl L. Coddington or was included as an asset in one of the two trusts referenced in the complaint. Further, it is unclear who currently possesses the equipment identified in Thomas's complaint. Presumably, these questions will be answered during the discovery process. In this appeal, however, we are tasked solely with reviewing the trial court's decision to dismiss the case pursuant to R.C. 2117.06. For purposes of surviving a motion to dismiss pursuant to Civ.R. 12(B)(6), Thomas's allegations that his property was being wrongfully withheld are sufficient to take his claim outside of the statutory bar set forth in R.C. 2117.06(B). Therefore, the trial court should not have dismissed the case pursuant to R.C. 2117.06. *Steinreich* at syllabus; *Poling v. Poling*, 2003-Ohio-5601, ¶ 35 (4th Dist.) (holding that plaintiff's claim of ownership of personal property was not an executor's claim and was not barred by the presentment requirements); *Sullivan v. Morgan,* 1991 WL 115872,

9

\*4 (10th Dist. June 20, 1991) ("[A]ppellee was not a claimant within the meaning of R.C. 2117.06, since he was not claiming an interest in property which was part of the estate but in property which remained legally his and never became subject to appellant's administration.").

{¶ 19} Finally, Defendants argue that the trial court should have dismissed the complaint pursuant to Civ.R. 12(B)(6) based on the statute of frauds. Defendants raised this argument in their motion to dismiss as an alternative reason to grant their motion. But the trial court granted the motion to dismiss based solely on Defendants' R.C. 2117.06 argument and did not address Defendants' statute of frauds argument. The trial court should rule on that issue in the first instance. Therefore, we will not address Defendants' statute of frauds argument in this appeal. *See Hornbeck v. Hornbeck*, 2019-Ohio-2035, ¶ 38 (2d Dist.) ("However, since this is a decision to be made in the first instance by the trial court, we will simply reverse the trial court on this point, and remand for further proceedings consistent with our opinion.").

{¶ 20} The assignments of error are sustained.

## III. Conclusion

{¶ 21} Having sustained the assignments of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.