[Cite as *Williams v. U.S. Natl. Bank Assn.*, 2026-Ohio-2206.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| REGINALD LAMAR WILLIAMS | : | |
| | : | C.A. No. 30762 |
| Appellant | : | |
| | : | Trial Court Case No. 2026 CV 00003 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| U.S. NATIONAL BANK ASSOCIATION | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 12, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

REGINALD LAMAR WILLIAMS, Appellant, Pro Se
TIMOTHY C. SULLIVAN, Attorney for Appellee

HANSEMAN, J.

**{¶ 1}** Appellant Reginald Lamar Williams appeals pro se from a judgment of the Montgomery County Common Pleas Court that dismissed his complaint against appellee U.S. National Bank Association ("U.S. National") pursuant to Civ.R. 12(B)(6) for failing to state a claim upon which relief can be granted. For the reasons outlined below, the judgment of the trial court is affirmed.

**Facts and Course of Proceedings**

**{¶ 2}** On January 2, 2026, Williams filed a pro se complaint against U.S. National. The complaint is a fill-in-the-blank form with two prompts that asked Williams to explain what he wanted from the court and what he wanted to happen. Williams wrote the following two sentences on the complaint: "What happened in court is the judge seen that the bank employee violated (CSPA) (ORC Chapter 1345): in two way and ruled me 12 billion dollars! I got the of [sic] money I filed the civil case for and did my business already." Complaint (Jan. 2, 2026). Williams sought $21,818,181,818 in his prayer for relief, and his complaint included no other information.

**{¶ 3}** After the complaint was served on U.S. National, on January 12, 2026, U.S. National filed a Civ.R. 12(B)(6) motion to dismiss the complaint on grounds that it fails to state a claim upon which relief could be granted. In response to the motion, Williams filed a "Dismissal Request" that asked the trial court to deny U.S. National's motion to dismiss. The Dismissal Request, however, did not address U.S. National's Civ.R. 12(B)(6) argument.

2

Instead, it addressed a subpoena that Williams had issued for phone records and requested court assistance with obtaining the phone records.

{¶ 4} On January 27, 2026, the trial court issued an order granting U.S. National's Civ.R. 12(B)(6) motion. In granting the motion, the trial court found that Williams' complaint does not comply with Civ.R. 8(A) because it lacks a statement showing that Williams is entitled to relief against U.S. National and is devoid of factual allegations supporting a legal claim against U.S. National. Accordingly, the trial court dismissed Williams' complaint.

{¶ 5} Williams now appeals from the trial court's judgment dismissing his complaint and raises two assignments of error for review.

### First Assignment of Error

{¶ 6} Under his first assignment of error, Williams claims that the trial court erred by dismissing his complaint under Civ.R. 12(B)(6) because the allegations in his complaint are sufficient to state a claim under the Consumer Sales Practices Act ("CSPA"). We disagree.

{¶ 7} "A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted 'is [a] procedural [motion that] tests the sufficiency of [a] complaint.'" (Bracketed text in original.) *Doe v. Greenville City Schools*, 2021-Ohio-2127, ¶ 8 (2d Dist.), quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9. "When reviewing the sufficiency of a complaint, this court is mindful that Civ.R. 8(A) provides for notice pleading, which requires a 'short and plain statement of the claim showing that the party is entitled to relief' and 'a demand for judgment for the relief to which the party claims to be entitled.'" *Coddington v. Zurawka*, 2026-Ohio-1301, ¶ 8 (2d Dist.), quoting Civ.R. 8(A). "The court must accept all the factual allegations in the complaint as true and construe all reasonable inferences in favor of the plaintiff." *Id.*, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "[A] trial court should not grant a motion to dismiss "'unless it appears

3

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"' *Id.*, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

{¶ 8} "When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, '"an appellate court must independently review the complaint to determine whether the dismissal is appropriate."'" *Id.* at ¶ 9, quoting *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 13 (2d Dist.), quoting *Ament v. Reassure Am. Life Ins. Co.*, 2009-Ohio-36, ¶ 60 (8th Dist.). "Therefore, we review de novo the trial court's decision granting [a] motion to dismiss." *Id.*, citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 4-5.

{¶ 9} After independently reviewing Williams' complaint, we find that, even when construing all reasonable inferences in favor of Williams, the complaint does not state a claim for a CSPA violation or any other claim for that matter. The language in the complaint alleges that a court previously awarded Williams 12 billion dollars for a CSPA violation by a bank employee. The complaint includes no factual allegations that would support a legal claim against U.S. National. In his appellate brief, Willams asserts that he had contacted U.S. National about obtaining financial assistance for a business venture and was denied service in a manner that violated the CSPA; however, none of that information was included in the complaint filed with the trial court. Ultimately, Williams' complaint does not include a short plain statement of any claim showing that Williams is entitled to relief against U.S. National. As a result, the complaint fails to comply with Civ.R. 8(A).

{¶ 10} Even if we accepted Williams' argument that the complaint sufficiently states a claim for a CSPA violation against U.S. National, the dismissal of the complaint was still appropriate under Civ.R. 12(B)(6). This is because the "[CSPA] only applies to 'consumer

4

transactions.'" *Fendrich v. F.I.F. Development, Inc.*, 1991 WL 222005, *1 (9th Dist. Oct. 16, 1991). The term "consumer transaction" is defined under R.C. 1345.01(A), which provides, in relevant part, that a "'[c]onsumer transaction' does not include transactions between persons, defined in section[] . . . 5725.01 of the Revised Code, and their customers." The "persons" defined under R.C. 5725.01 include financial institutions. Therefore, "pursuant to R.C. 1345.01(A), a 'consumer transaction' does not include transactions between a 'financial institution,' as defined in R.C. 5725.01, and its customers." *Ferron v. Fifth Third Bank*, 2008-Ohio-6967, ¶ 8 (10th Dist.). Although R.C. 1345.01(A) provides certain exceptions to that rule, nothing in the record indicates that those exceptions apply here.

{¶ 11} Under R.C. 5725.01(A)(1), a national bank, such as U.S. National, is considered a financial institution. Accordingly, Williams' alleged transaction with U.S. National does not qualify as a consumer transaction under the CSPA. Because U.S. National is a financial institution and transactions with financial institutions do not qualify as consumer transactions, Williams cannot obtain relief under the CSPA. Therefore, his complaint fails to state a claim upon which relief can be granted for that reason as well.

{¶ 12} Williams' first assignment of error is overruled.

**Second Assignment of Error**

{¶ 13} Under his second assignment of error, Williams claims that the trial court erred by failing to liberally construe his complaint and by dismissing his complaint on technical deficiencies alone. Williams seems to suggest that the trial court should have afforded him some lenience with the pleading requirements since he is a pro se litigant.

{¶ 14} The Supreme Court of Ohio has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5.

5

"'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001); *accord Neil* at ¶ 10. That said, courts often afford lenience to pro se litigants and have liberally construed the allegations in pro se complaints as stating the elements of a claim. *See Neil* at ¶ 11, citing *Baker v. Ohio Dept. of Rehab. & Corr.*, 144 Ohio App.3d 740, 744 (4th Dist. 2001).

**{¶ 15}** In this court's view, liberally reading a pro se complaint to assert claims for relief when the language in the complaint allows for such a reading is a much different scenario than reading Williams' two-sentence complaint as raising a CSPA claim against U.S. National. Williams' complaint includes no factual allegations that would support any legal claim against U.S. National. This court has "never construed Civ.R. 12(B)(6) as permitting either speculation or complaints that are devoid of factual allegations supporting the legal claims." *Sacksteder v. Senney*, 2012-Ohio-4452, ¶ 45 (2d Dist.). Crucially, even if the trial court had liberally construed the complaint as stating a claim under the CSPA, the dismissal of the complaint was still appropriate considering that the complaint fails to set forth a consumer transaction within the scope of the CSPA.

**{¶ 16}** Williams' second assignment of error is overruled.

### Conclusion

**{¶ 17}** Having overruled both assignments of error raised by Williams, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.