[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Doe v. Greenville City Schools*, Slip Opinion No. 2022-Ohio-4618.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4618

DOE ET AL., APPELLEES, *v*. GREENVILLE CITY SCHOOLS ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Doe v. Greenville City Schools*, Slip Opinion No. 2022-Ohio-4618.]

*Political subdivisions—Immunity from suit—R.C. Chapter 2744—Whether the absence of a fire extinguisher or other safety equipment within a building of a political subdivision could be a "physical defect" under R.C. 2744.02(B)(4)—Court of appeals' judgment affirmed.*

(No. 2021-0980—Submitted June 16, 2022—Decided December 28, 2022.)

APPEAL from the Court of Appeals for Darke County,

No. 2020-CA-4, 2021-Ohio-2127.

_____

**STEWART, J., announcing the judgment of the court.**

{¶ 1} In this case, this court is asked to decide whether the absence of a fire extinguisher or other safety equipment within a building of a political subdivision could be a physical defect such that an exception to immunity exists under R.C.

2744.02(B)(4). We conclude that it could, and this court affirms the judgment of the Second District Court of Appeals.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In May 2020, plaintiffs-appellees, Jane Doe 1, Jane Doe 2, and a parent of each child (collectively, "the students"), filed a complaint against defendants-appellants, Greenville City Schools; Greenville City School District Board of Education; Stan Hughes, principal of the high school; and Roy Defrain, a science teacher at the high school (collectively, "Greenville"),[1] alleging that Greenville negligently caused their injuries when they suffered severe burns in December 2019 after a bottle of isopropyl alcohol caught fire and exploded in a science class. The students alleged in part that Greenville failed to provide proper safety equipment, "especially, but not limited to, a fire extinguisher inside the classroom," failed to ensure that there were proper safety features and protocols in place, failed to properly supervise and protect them, and to the extent that Greenville exercised discretion, Greenville did so "maliciously, in bad faith and in a reckless and wanton manner."

{¶ 3} Greenville moved to dismiss, arguing that it was immune from liability under R.C. Chapter 2744 and that no exception to immunity applied. Specifically, Greenville contended that the R.C. 2744.02(B)(4) exception, which may apply when an injury is due to physical defects within or on the grounds of a building used for a governmental function, did not apply because the students failed to identify a physical defect in the science classroom. Greenville further argued that "an alleged absence of safety features or measures is not a 'physical defect.' "

---

1. Jane Doe 1's father and Jane Doe 2's mother were named plaintiffs, individually and as next friends of their children. The students also named five school-board members, ten unnamed school-district employees, HCC Life Insurance Company, and the Ohio Department of Medicaid as defendants. The students later voluntarily dismissed without prejudice the five identified board members from the case.

{¶ 4} The trial court denied Greenville's motion to dismiss, and Greenville appealed to the Second District. Under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in [R.C. Chapter 2744] or any other provision of the law is a final order."

{¶ 5} The Second District affirmed the trial court's denial of Greenville's motion to dismiss. 2021-Ohio-2127, 174 N.E.3d 917, ¶ 27. The appellate court noted, as did the trial court, that there was a split between appellate districts concerning the application of R.C. 2744.02(B)(4). *Id*. at ¶ 25. But the court of appeals agreed with the trial court that based on *Moore v. Lorain Metro. Hous. Auth*., 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, the allegations in the students' complaint, if taken as true, set forth a claim upon which relief could be granted. *See id*. at ¶ 27, 34.

{¶ 6} Greenville appealed to this court.[2] This court accepted jurisdiction of their second proposition of law: "The alleged absence of a device or piece of safety equipment that would not be considered a 'fixture' under Ohio law cannot constitute a 'physical defect' of a classroom under R.C. 2744.02(B)(4)." *See* 165 Ohio St.3d 1531, 2022-Ohio-280, 180 N.E.3d 1154.

## II. LAW AND ANALYSIS
### A. Civ.R. 8 and 12(B)(6)

{¶ 7} Ohio is a notice-pleading state. *See Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 13. This means that outside of a few specific circumstances, such as claims involving fraud or mistake, *see*

---

2. This court originally accepted jurisdiction over this appeal and held it for a decision in *Maternal Grandmother v. Hamilton Cty. Dept. of Job & Family Servs*., 167 Ohio St.3d 390, 2021-Ohio-4096, 193 N.E.3d 536. *See* 165 Ohio St.3d 1449, 2021-Ohio-3908, 175 N.E.3d 1286. After the opinion in *Maternal Grandmother* was released, however, this court lifted the stay of the briefing schedule in this case regarding proposition of law II only. *See* 165 Ohio St.3d 1531, 2022-Ohio-280, 180 N.E.3d 1154.

Civ.R. 9(B), a party will not be expected to plead a claim with particularity. Rather, "a short and plain statement of the claim," Civ.R. 8(A), will typically do.

{¶ 8} A Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs*., 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it "must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery." *O'Brien v. Univ. Community Tenants Union, Inc*., 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus, following *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. Reviewing courts must accept the material allegations in the complaint as true, *Maitland v. Ford Motor Co*., 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11, and construe the allegations and all reasonable inferences drawn therefrom in favor of the nonmoving party, *Kenty v. Transamerica Premium Ins. Co*., 72 Ohio St.3d 415, 418, 650 N.E.2d 863 (1995).

## B. Political-Subdivision Immunity

{¶ 9} "The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability." *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998) (lead opinion), *abrogated by M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261. First, R.C. 2744.02(A)(1) generally provides that political subdivisions and their employees are immune from liability related to their governmental functions. R.C. 2744.02(A)(1) and 2744.03(A)(6). In most cases, the broad immunity of R.C. Chapter 2744 provides political subdivisions a complete defense to a negligence cause of action. *Turner v. Cent. Local School Dist*., 85 Ohio St.3d 95, 98, 706 N.E.2d 1261 (1999).

**{¶ 10}** That immunity, however, is not absolute. *Hill v. Urbana*, 79 Ohio St.3d 130, 679 N.E.2d 1109 (1997). Under the second tier of the analysis, courts must decide whether any exceptions to immunity apply under R.C. 2744.02(B). *Cater* at 28 (lead opinion), *abrogated by M.H.*

**{¶ 11}** And finally, if an exception applies, immunity can be reinstated under the third tier of the analysis "if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03 applies." *Id.*

### C. Physical Defect

**{¶ 12}** There is no question in this case that the school district is a political subdivision for purposes of R.C. Chapter 2744, *see* R.C. 2744.01(F), and that the alleged harm occurred in connection with a governmental function, *see* R.C. 2744.01(C)(2)(c). The question presented in this case is whether an exception to immunity applies under R.C. 2744.02(B)(4), which states that "political subdivisions are liable for injury * * * that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function." Specifically, we must consider whether the absence of a fire extinguisher or other safety equipment is a physical defect within the meaning of R.C. 2744.02(B)(4).

**{¶ 13}** The trial court and appellate court relied on this court's decision in *Moore*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, to find that the students pleaded sufficient facts to survive a motion to dismiss. *Moore* involved the deaths of two children caused by a fire in an apartment that was owned by the Lorain Metropolitan Housing Authority ("LMHA"). The mother filed an action against LMHA, claiming that because it had removed the apartment's only working smoke detector and negligently failed to replace it, the father of the children, who was home and sleeping at the time of the fire, did not wake in time to rescue the children. The trial court dismissed the action, finding that LMHA was a political

subdivision entitled to immunity and that "none of the exceptions to immunity, and particularly R.C. 2744.02(B)(4), applied." *Id*. at ¶ 5. The Ninth District disagreed and reversed. *See id*. at ¶ 6, citing *Moore v. Lorain Metro. Hous. Auth*., 9th Dist. Lorain No. 06CA008995, 2007-Ohio-5111.

{¶ 14} This court determined that a conflict existed between the Ninth District and other appellate districts on the question "whether operation of a public housing authority is a proprietary or a governmental function within the meaning of Ohio's sovereign-immunity statutes." *Id*. at ¶ 1. This court also accepted a discretionary appeal on the issues "whether R.C. 2744.02(B)(4) and (B)(5) apply as exceptions to the public housing authority's immunity." *Id*.

{¶ 15} First, this court determined that "the operation of a public housing authority is a governmental function under R.C. 2744.01(C)(2)." *Id*. at ¶ 19. This court then addressed the question whether an exception to immunity applied under R.C. 2744.02(B)(4) or (B)(5). *Id*. at ¶ 22-25. Regarding R.C. 2744.02(B)(5), which provides that a political subdivision may be liable when a statute expressly impose[s] liability, this court disagreed with Moore that the Landlords and Tenants Act "*expressly* imposes liability on the LMHA or any other political subdivision." (Emphasis sic.) *Id*. at ¶ 21.

{¶ 16} With respect to R.C. 2744.02(B)(4), however, this court stated:

> The final step in the analysis of (B)(4) is to determine whether absence of a required smoke detector is a "physical defect" occurring on the grounds of LMHA's property. Because the trial court did not fully consider this issue, which, if established, would dissolve immunity, we must remand to the trial court for further proceedings.

*Moore*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, at ¶ 25.

**{¶ 17}** Greenville argues that in *Moore*, this court "provided no analysis of the 'physical defect' language and gave no hint as to how it might rule should the trial court conclude one way or the other." The Second District rejected this exact argument, explaining, "Regardless of how the Court might have ruled, remand would not have been appropriate had the absence of 'required' safety equipment been insufficient, as a matter of law, to qualify as a 'physical defect' for purposes of the exception to a political subdivision's immunity under R.C. 2744.02(B)(4)." 2021-Ohio-2127, 174 N.E.3d 917, at ¶ 26, citing *Moore* at ¶ 25. The Second District is correct. Just as this court determined in *Moore* that R.C. 2744.02(B)(5) did not apply as a matter of law, *see Moore* at ¶ 21, this court could have held the same with respect to R.C. 2744.02(B)(4). Instead, the cause was remanded for the trial court to fully consider the issue. *Id.* at ¶ 25.

**{¶ 18}** Greenville admits that in *Moore*, this court "left open the possibility that the removal of smoke detectors from the building could constitute a 'physical defect' that would dissolve immunity." But Greenville contends that the students failed to allege that the "classroom lacked some sort of legally mandated safety feature" or that there had been a "removal of any sort of fixture, such as a smoke detector." Greenville maintains the students' "allegations appear to challenge only the absence of such items."

**{¶ 19}** The students counter that "[t]he physical defect in this case does not lie within the defectiveness of safety equipment, but instead within the defectiveness of a classroom without proper safety equipment and protocol[,] * * * especially when in a lab-style setting with chemicals present."

**{¶ 20}** R.C. 2744.02(B)(4) was amended in 2000 Am.Sub.S.B. No. 106, effective April 9, 2003. The previous version of the statute imposed liability for injury, death, or loss caused by the negligence of an employee of a political subdivision on or within the grounds or buildings used in connection with a governmental function. *Alden v. Kovar*, 11th Dist. Trumbull Nos. 2007-T-0114

and 2007-T-0115, 2008-Ohio-4302, ¶ 43. Under the revised version of R.C. 2744.02(B)(4), in addition to requiring a negligent act, the exception to immunity requires that the injury, death, or loss be due to a physical defect on or within the grounds or buildings of the political subdivision. *Id*. at ¶ 49.

**{¶ 21}** The phrase "physical defect" is not statutorily defined, and this court has never defined it within the context of R.C. 2744.02(B)(4). Terms that are undefined by statute are given their plain, common, and ordinary meaning. *See State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 46, citing R.C. 1.42. " 'It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation.' " *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 11, quoting *Wingate v. Hordge*, 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101, 304 N.E.2d 378 (1973).

**{¶ 22}** Other courts have defined the term "physical defect" within R.C. 2744.02(B)(4) as " 'a perceivable imperfection that diminishes the worth or utility of the object at issue.' " *R.K. v. Little Miami Golf Ctr*., 2013-Ohio-4939, 1 N.E.3d 833, ¶ 16 (1st Dist.), quoting *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, ¶ 28; *see also Leasure v. Adena Local School Dist*., 2012-Ohio-3071, 973 N.E.2d 810, ¶ 19 (4th Dist.); *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092, ¶ 26 (8th Dist.); *Gibbs v. Columbus Metro. Hous. Auth*., 10th Dist. Franklin No. 11AP-711, 2012-Ohio-2271, ¶ 13.

**{¶ 23}** In *Hamrick*, the court defined the words "physical" and "defect" as follows:

The word "physical" [means] "having a material existence: perceptible esp[ecially] through senses and subject to the laws of

nature." Merriam Webster's New Collegiate Dictionary (10th Ed. 1996) 877. A "defect" is "an imperfection that impairs worth or utility." *Id*. at 302. It would seem then that a "physical defect" is a perceivable imperfection that diminishes the worth or utility of the object at issue.

*Id.* at ¶ 28.

{¶ 24} Since this court's decision in *Moore*, appellate courts have expressed varied opinions on what constitutes a "physical defect" for purposes of establishing an exception to immunity under R.C. 2744.02(B)(4). Some courts have held that a lack of a safety feature (like the lack of a smoke detector in *Moore*) could be a "physical defect." *See, e.g.*, *DeMartino v. Poland Local School Dist.*, 7th Dist. Mahoning No. 10 MA 19, 2011-Ohio-1466 (lack of lawn-mower discharge chute could be a physical defect—although Greenville points out that in *DeMartino*, the lawn mower came with a discharge chute and the school's maintenance person failed to use it); *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, 924 N.E.2d 401 (9th Dist.), ¶ 15 (child with Down syndrome walked into the kitchen area of his classroom and spilled a pot of hot coffee on his chest; physical defect was "kitchen area [that] had been negligently and carelessly designed, maintained, and constructed"); *Kerber v. Cuyahoga Hts.*, 8th Dist. Cuyahoga No. 102419, 2015-Ohio-2766 (lack of proper deck chair for lifeguard so that she could see a person drowning could constitute a physical defect); and *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907, 995 N.E.2d 1252 (5th Dist.) (orchestra pit not inherently defective but without reflective tape and lights could constitute a physical defect).

{¶ 25} Other courts, however, have not held that the lack of a safety feature could constitute a "physical defect." *See, e.g.*, *Duncan*, 2012-Ohio-1949, 970 N.E.2d 1092 (failure to use a safety mat on the floor while conducting a self-defense

class was not a physical defect); *Hamrick*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572 (an uncovered service pit with a surrounding lip not painted in a different color was not considered a physical defect).

{¶ 26} Compare those cases to cases in which an existing structure or piece of equipment was damaged. *See, e.g.*, *Stanfield v. Reading Bd. of Edn.*, 2018-Ohio-405, 106 N.E.3d 197 (1st Dist.) (safety netting around a discus-throwing area in a city stadium was dilapidated and could be a physical defect); *Bolling v. N. Olmsted City Schools Bd. of Edn.*, 8th Dist. Cuyahoga No. 90669, 2008-Ohio-5347 (power jointer machine was defective because the guard on the machine was open and would not close, a defect that the shop teacher testified would only result from at least five years of neglect); *Yeater v. LaBrae School Dist. Bd. of Edn.*, 11th Dist. Trumbull No. 2009-T-0107, 2010-Ohio-3684 (volleyball equipment contained loose bolts); *Leasure*, 2012-Ohio-3071, 973 N.E.2d 810 (bleachers improperly set up caused them to be unstable); *Cuyahoga Falls v. Gaglione*, 9th Dist. Summit No. 28513, 2017-Ohio-6974 (city-operated building suffered from leaks in the roof that caused the building's gym floor to be wet).

{¶ 27} R.C. 2744.02(B)(4) requires that two separate elements be met—the injuries at issue must be caused both (1) by a political subdivision's employee's negligence and (2) by a physical defect "within or on the grounds of, buildings that are used in connection with the performance of a governmental function." On review of the cases addressing the issue, we agree with the courts that have held that the lack of safety equipment or other safety features could amount to a physical defect. We therefore conclude that the absence of a fire extinguisher or other safety equipment within a science classroom could be a physical defect such that an exception to immunity could exist under R.C. 2744.02(B)(4).

{¶ 28} In this case, the students have alleged that their injuries were caused by the negligent supervision of the science teacher and the lack of a fire extinguisher and other safety equipment in the classroom. We cannot say,

therefore, that the Second District erred by affirming the trial court's denial of Greenville's motion to dismiss and finding that the students have alleged sufficient facts that if proven, demonstrate that R.C. 2744.02(B)(4) applies. This court affirms the Second District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and BRUNNER, J., concur.

FISCHER, J., concurs in judgment only.

KENNEDY, J., dissents, with an opinion joined by DEWINE and DONNELLY, JJ.

_____

**KENNEDY, J., dissenting.**

{¶ 29} The absence of a safety device such as a fire extinguisher in a school's science classroom is not a "physical defect" within or on the grounds of a government building. Therefore, appellees, Jane Doe 1, Jane Doe 2, and a parent of each child (collectively, "the students"), have failed to state a claim for relief. Because appellants, Greenville City Schools, Greenville City School District Board of Education, Stan Hughes, and Roy Defrain (collectively "Greenville City Schools"), were immune from liability, I would reverse the judgment of the Second District Court of Appeals. Because the majority does otherwise, I dissent.

**Standard of Review**

{¶ 30} This case calls on us to review the denial of a motion to dismiss, which turns on a question of statutory interpretation. We review de novo a decision ruling on a motion to dismiss under Civ.R. 12(B)(6). *Valentine v. Cedar Fair, L.P.*, ___ Ohio St.3d ___, 2022-Ohio-3710, ___ N.E.3d ___, ¶ 12. In conducting this review, we accept as true the factual allegations in the complaint. *Id.* " '[T]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.' " (Brackets added in *Valentine.*) *Id.*, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956

N.E.2d 814, ¶ 12. "To grant a motion to dismiss, 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.' " *Id*., quoting *McKinley* at ¶ 12.

{¶ 31} Moreover, this case raises R.C. Chapter 2744, the Political Subdivision Tort Liability Act. Like a motion to dismiss, "[t]he interpretation of a statute is a question of law that we [also] review de novo." *Stewart v. Vivian*, 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 23. "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. In answering this question, we give undefined words "their usual, normal, or customary meaning." *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.*, 77 Ohio St.3d 398, 400, 674 N.E.2d 694 (1997). "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12.

## Political-Subdivision Immunity

{¶ 32} Determining whether a political subdivision is immune from tort liability under R.C. Chapter 2744 involves a familiar, three-tiered analysis:

> "The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. * * * However, that immunity is not absolute. R.C. 2744.02(B); *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998)[ (lead opinion), *abrogated by M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261.]

12

"The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. *Id.* at 28, 697 N.E.2d 610. At this tier, the court may also need to determine whether specific defenses to liability for negligent operation of a motor vehicle listed in R.C. 2744.02(B)(1)(a) through (c) apply.

"If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability."

(Ellipses added in *Pelletier*.) *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, 109 N.E.3d 1210, ¶ 15, quoting *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7-9.

{¶ 33} It is not disputed that Greenville City Schools is entitled to immunity under the first tier of analysis. At issue is whether the exception to immunity provided in R.C. 2744.02(B)(4) applies to the circumstances alleged in the complaint to impose liability on Greenville City Schools.

### The R.C. 2744.02(B)(4) Exception

{¶ 34} R.C. 2744.02 provides,

(B) Subject to sections 2744.03 [(the third-tier defenses to liability)] and 2744.05 [(limitation on damages)] of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an

act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

* * *

(4) Except as otherwise provided in section 3746.24 of the Revised Code [(pertaining to hazardous substances and petroleum)], political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

As this language dictates, political subdivisions may be liable for injury caused by the negligence of their employees if (1) injury occurs within or on the grounds of buildings used for a governmental function and (2) the injury is caused by a physical defect within or on the grounds of those buildings.

{¶ 35} This case turns on the meaning of the term "physical defect" as it is used in R.C. 2744.02(B)(4). To determine the usual, normal, or customary meaning of a word, we rely on its dictionary definition. *Athens v. McClain*, 163 Ohio St.3d 61, 2020-Ohio-5146, 168 N.E.3d 411, ¶ 30; *see also In re Black Fork Wind Energy, L.L.C.*, 156 Ohio St.3d 181, 2018-Ohio-5206, 124 N.E.3d 787, ¶ 17-18. The word "physical" means "of or relating to natural or material things as opposed to things mental, moral, spiritual, or imaginary." *Webster's Third New International Dictionary* 1706 (1993); *see also Black's Law Dictionary* 1331 (10th Ed.2014) (defining "physical" to mean "[o]f, relating to, or involving material things;

pertaining to real, tangible objects"). And the word "defect" means "an irregularity in a surface or a structure that spoils the appearance or causes weakness or failure : FAULT, FLAW." *Webster's* at 591. It also means "want or absence of something necessary for completeness, perfection, or adequacy in form or function : DEFICIENCY, WEAKNESS." *Id.; see also Black's* at 507 (defining "defect" as "[a]n imperfection or shortcoming, esp[ecially] in a part that is essential to the operation or safety of a product").

**{¶ 36}** The lead opinion concludes that the students alleged sufficient facts to prove that their injuries were caused by a physical defect within the school based on their allegations that "their injuries were caused by the negligent supervision of the science teacher and the lack of a fire extinguisher and other safety equipment in the classroom." Lead opinion, ¶ 28. I disagree.

**{¶ 37}** First, the negligent-supervision claim is plainly not based on a physical defect—supervision is not a material or tangible thing. That allegation therefore cannot support the argument that the exception to immunity for physical defects within or on the grounds of governmental buildings applies.

**{¶ 38}** Second, the lack of a fire extinguisher or other safety device did not render the science classroom defective, because the classroom functioned as intended and as it was designed—the classroom did not have some irregularity that caused it to fail in its expected use. The complaint does not allege that a safety device such as a fire extinguisher was required to be in the classroom as part of the classroom's design or by law. Further, the absence of a safety device such as a fire extinguisher is not a physical defect within a governmental building or on its grounds. This is not a case, for example, in which a fire extinguisher or other safety device was present but defective. And whether a fire extinguisher or other safety device should have been kept in the classroom as a matter of judgment or policy is outside the scope of the exception to immunity provided in R.C. 2744.02(B)(4).

**{¶ 39}** This court's decision in *Moore v. Lorain Metro. Hous. Auth.* is not to the contrary. This court wrote, "The final step in the analysis of (B)(4) is to determine whether absence of a required smoke detector is a 'physical defect' occurring on the grounds of [a public housing authority's] property. Because the trial court did not fully consider this issue, which, if established, would dissolve immunity, we must remand to the trial court for further proceedings." 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, ¶ 25. The court's decision in *Moore* is distinguishable because in that case, the court noted that smoke detectors were legally required to be present. In this case, the students make no allegation in the complaint that a fire extinguisher was legally required to be in the classroom. In any case, the court in *Moore* did not expressly hold that the absence of a required smoke detector was a physical defect—it simply remanded the matter back to the trial court because that court had not resolved the issue in the first instance. And in the absence of a definitive holding, "[this court is] not bound by any perceived implications that may have been inferred from" a prior decision. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 12; *see also State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129, 107 N.E.2d 206 (1952), paragraph one of the syllabus.

**{¶ 40}** The students' injuries are no doubt horrific. However, in enacting the Political Subdivision Tort Liability Act, the General Assembly sought "to preserve 'the fiscal integrity of political subdivisions,' " *Pelletier*, 153 Ohio St.3d 611, 2018-Ohio-2121, 109 N.E.3d 1210, at ¶ 31, quoting *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 453, 639 N.E.2d 105 (1994). The legislature nonetheless provided some limited exceptions to immunity so that the victims of a political subdivision's negligence could be compensated, but only in certain circumstances. In weighing the policy of protecting the fiscal integrity of political subdivisions against the policy of ensuring compensation to victims of negligence,

the General Assembly necessarily had to draw lines that leave some parties who are injured by a political subdivision uncompensated.

{¶ 41} "It is the function of the General Assembly to balance such competing interests when enacting legislation." *Erickson v. Morrison*, 165 Ohio St.3d 76, 2021-Ohio-746, 176 N.E.3d 1, ¶ 34. "Second-guessing the wisdom of the legislature's policy choices in striking that balance does not fall within the scope of our review." *Id.* Rather, "[o]ur role, in exercise of the judicial power granted to us by the Constitution, is to interpret and apply the law enacted by the General Assembly." *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, ¶ 29.

{¶ 42} R.C. 2744.02(B)(4) creates an exception to political-subdivision immunity for a physical defect. It does not create an exception for a school district's failure to have a fire extinguisher in a science classroom. Therefore, I would reverse the judgment of the court of appeals. Because the majority does otherwise, I dissent.

DEWINE and DONNELLY, JJ., concur in the foregoing opinion.

_____

Wright & Schulte, L.L.C., Michael L. Wright, Robert L. Gresham, and Kesha Q. Brooks, for appellees.

Subashi, Wildermuth & Justice, Brian L. Wildermuth, and Tabitha Justice, for appellants.

_____