[Cite as *Middlebrooks v. Cincinnati Metro. Hous. Auth.*, 2025-Ohio-2851.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| VIDALE MIDDLEBROOKS, | : | APPEAL NO. C-250049 |
| | | TRIAL NO. A-2301153 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CINCINNATI METROPOLITAN | : | *JUDGMENT ENTRY* |
| HOUSING AUTHORITY, | | |
| | : | |
| Defendant-Appellant, | : | |
| and | : | |
| ABC THROUGH XYZ PROPERTY | : | |
| MANAGEMENT, | : | |
| JOHN/JANE DOE PROPERTY | : | |
| MAINTENANCE, | : | |
| and | : | |
| OHIO DEPARTMENT OF MEDICAID, | : | |
| Defendants. | : | |
| | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 8/13/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Middlebrooks v. Cincinnati Metro. Hous. Auth.*, 2025-Ohio-2851.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| VIDALE MIDDLEBROOKS, | : | APPEAL NO. C-250049 |
|  |  | TRIAL NO. A-2301153 |
| Plaintiff-Appellee, | : |  |
| vs. | : |  |
| CINCINNATI METROPOLITAN | : | *O P I N I O N* |
| HOUSING AUTHORITY, |  |  |
|  | : |  |
| Defendant-Appellant, | : |  |
| and | : |  |
| ABC THROUGH XYZ PROPERTY | : |  |
| MANAGEMENT, |  |  |
| JOHN/JANE DOE PROPERTY | : |  |
| MAINTENANCE, |  |  |
|  | : |  |
| and | : |  |
| OHIO DEPARTMENT OF MEDICAID, | : |  |
|  | : |  |
| Defendants. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 13, 2025

*Lawrence & Associates, LLC*, and *Meagan L. Tate*, for Plaintiff-Appellee Vidale Middlebrooks,

*Adams Law, PLLC, Jeffrey C. Mando* and *Casmir M. Thornberry*, for Defendant-Appellant Cincinnati Metropolitan Housing Authority.

**KINSLEY, Presiding Judge.**

**{¶1}** Plaintiff-appellee Vidale Middlebrooks sued his landlord, defendant-appellant Cincinnati Metropolitan Housing Authority ("CMHA") for negligence, after Middlebrooks sustained an injury while unplugging an electrical cord in his flooded apartment. CMHA moved for summary judgment in part arguing that it is entitled to immunity under Ohio's political subdivision immunity statute, because it had no prior notice of the defect in Middlebrooks's apartment. Middlebrooks contends that CMHA had been notified on multiple occasions prior to the flood that his apartment had been leaking. The trial court denied CMHA's motion for summary judgment on the issue of immunity, finding that a genuine issue of material fact existed as to whether CMHA had notice of the defect. CMHA appeals the denial of immunity. For the reasons that follow, we affirm the judgment of the trial court.

## Factual and Procedural Background

**{¶2}** Middlebrooks lived at an apartment complex known as "The Riverview," which was owned and operated by CMHA. On the evening of July 11, 2021, Middlebrooks entered his apartment and found it had flooded. In an attempt to save his new television, he unplugged an electrical cord and was electrocuted. Middlebrooks filed a complaint against CMHA for negligence, alleging that CMHA had notice of the hazardous condition of his apartment prior to the flood.

**{¶3}** CMHA filed a motion for summary judgment, arguing that it is immune from liability on Middlebrooks's claims under R.C. Ch. 2744, Ohio's political subdivision immunity statute. Relevant here, CMHA argued that the physical defect exception to immunity did not apply because the defect in Middlebrooks's apartment was not caused by the negligence of a CMHA employee, nor did any CMHA employee have notice of the defect. CMHA contended that the first "work order" it received

regarding any water leaks in Middlebrooks's apartment was entered on July 12, 2021—the day after the flood. CMHA attached two unauthenticated exhibits to its motion purporting to document the July 12, 2021 work order.

**{¶4}** Middlebrooks filed a motion in opposition to CMHA's summary judgment motion and attached a copy of his deposition as an exhibit. In his deposition, Middlebrooks testified that approximately six weeks after moving into the apartment, Middlebrooks noticed water leaking from his windowsills and consequently called CMHA's emergency maintenance hotline. According to Middlebrooks, a CMHA employee responded by placing a garbage can below the leak, offering no permanent solution. Middlebrooks further testified that, in the weeks following his first report, CMHA sent two different contractors to the apartment in attempts to repair the leak and patch the ceiling. These efforts did not stop the water intrusion in his apartment, according to Middlebrooks, and he asked a CMHA relocation specialist to inspect the water bubble that had formed in his ceiling after a rainstorm. Middlebrooks testified that CMHA's specialist informed him that she would file a work order on his behalf. Middlebrooks also testified that he personally spoke to the head of CMHA about the living conditions of his apartment, and that he received a letter from CMHA deeming his apartment a health and safety hazard.

**{¶5}** Middlebrooks relayed the events of July 11, 2021 in his deposition. According to Middlebrooks, on the evening of July 11, 2021, a small water bubble formed in the ceiling of his apartment. Middlebrooks placed a garbage can under the leak, as CMHA had done in the past, and then left his apartment to play video games at his neighbor's apartment. Later that night, Middlebrooks received a call from a friend, who told him that his apartment had flooded. Middlebrooks rushed to his apartment to find a hole in the ceiling, a few inches of standing water in the apartment,

and a flickering television. Despite sparks coming from the television and its extension cord, he approached it in a state of panic and attempted to unplug the cord. He was subsequently electrocuted and passed out. Middlebrooks testified that he sustained an injury to his hand as a result of the electrocution, which required surgery, and that he has lingering pain.

{¶6} Based on this testimony, Middlebrooks argued that a genuine issue of material fact existed as to whether CMHA had actual or constructive notice of the defect in his apartment, which precluded summary judgment in favor of CMHA on the issue of immunity. The trial court agreed with Middlebrooks and denied CMHA's motion for summary judgment.

{¶7} CMHA appeals.

### *Analysis*

{¶8} In a single assignment of error, CMHA argues that the trial court erred in denying its motion for summary judgment on Middlebrooks's negligence claims.

### *A. Jurisdiction and Standard of Review*

{¶9} In general, a denial of a motion for summary judgment is not a final order under R.C. 2505.02; however, where a trial court "denies a motion in which a political subdivision or its employee seeks immunity under Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia*, 2007-Ohio-4839, ¶ 27. Summary judgment may be granted when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to that party. Civ.R. 56(C); *see Dresher v. Burt*, 75 Ohio

St.3d 280, 292-293 (1996) ("[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case[, and the] movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment."). This court reviews a trial court's decision on summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

### B. Physical Defect Exception to Immunity

**{¶10}** CMHA argues that the trial court erroneously denied CMHA's motion for summary judgment seeking immunity on Middlebrooks's negligence claims.

**{¶11}** R.C. Ch. 2744, Ohio's political subdivision immunity statute, establishes a three-tiered analysis for determining whether a political subdivision is immune from liability. *Doe v. Greenville City Schools*, 2022-Ohio-4618, ¶ 9. First, R.C. 2744.02(A)(1) provides a general grant of immunity to political subdivisions and their employees related to the performance of governmental or proprietary functions. Second, R.C. 2744.02(B) provides for certain exceptions to immunity. Third, even if an exception to immunity applies, immunity can be reinstated for one of the reasons set forth in R.C. 2744.03.

**{¶12}** Both parties agree that CMHA is entitled to the general grant of immunity under R.C. 2744.02(A)(1), because CMHA is a "political subdivision" for purposes of the statute, and the maintenance and operation of a public-housing facility is a "governmental function." *See* R.C. 2744.01(F) and 2744.01(C)(2); *Moore v. Lorain Metro. Hous. Auth.*, 2009-Ohio-1250, ¶ 19. However, the parties dispute whether an exception to immunity applies under R.C. 2744.02(B)(4)—the physical defect exception. R.C. 2744.02(B)(4) states that immunity may be abrogated if an injury is "caused by the negligence of [a political subdivision's] employees and that occurs

within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function."

**{¶13}** For the physical defect exception to apply, this court has stated that the "the injury, death, or loss [must have] (1) resulted from employee negligence, (2) occurred within or on the grounds of buildings used in connection with a governmental function, and (3) resulted from a physical defect within or on the grounds of buildings used in connection with a governmental function." *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, ¶ 15 (1st Dist.). CMHA does not dispute that the second and third prongs of the physical defect exception are met here. Instead, CMHA disputes that Middlebrooks's injuries resulted from CMHA's negligence. In premises liability cases, the plaintiff must demonstrate that an employee's negligence caused the defect or that the defendant had actual or constructive notice of the defect. *Korengel v. Little Miami Golf Ctr.*, 2019-Ohio-3681, ¶ 51 (1st Dist.).

**{¶14}** CMHA contends that Middlebrooks presented no evidence to establish the physical defect exception. More specifically, CMHA points to an absence of evidence that it caused the defect in his apartment or that CMHA had notice of the leaky ceiling. But Middlebrooks himself testified in his deposition that he notified CMHA of the leak more than once before the July 11, 2021 incident and that CMHA failed to rectify the problem.

**{¶15}** CMHA nonetheless argues that Middlebrooks's testimony is contradictory and that self-serving testimony cannot defeat a well-supported summary judgment motion. *See, e.g.*, *Romstadt v. Garcia*, 2017-Ohio-7277 (6th Dist.). Credibility, however, is a matter for trial, not summary judgment. *See, e.g., St. James Therapy Ctr., Ltd. v. Gomez Ents.*, 2014-Ohio-4116, ¶ 18 (6th Dist.). And this

is not a case where self-serving testimony from the nonmoving party was offered merely to "baldly contradict[] the evidence offered by the moving party." *See Romstadt* at ¶ 25. In such cases, the nonmoving party's self-serving testimony may be insufficient to create a genuine dispute of fact. *Id.* Here, however, CMHA's summary judgment motion was not well-supported on the question of whether it had prior notice of the defect in Middlebrooks's apartment. In support of its motion, CMHA offered only two unauthenticated documents which demonstrate that the agency serviced Middlebrooks's apartment following the flood. No witness testified affirmatively that Middlebrooks had not informed CMHA of water issues prior to July 12, 2021, and no documents affirmatively establish this point. CMHA merely infers that, because it presents service records from after the July 11, 2021 flood but not before, it had no prior notice of water leaks in the unit.

{¶16} In contrast, Middlebrooks testified that he had conversations with multiple CMHA employees or contractors regarding leaks in his apartment. Middlebrooks testified that he first called CMHA within six weeks of moving into his apartment and reported water leaking. He stated that CMHA dispatched a maintenance worker, who failed to address the source of the leak and placed a garbage can in the apartment to collect the water. According to Middlebrooks, CMHA also dispatched contractors to his apartment on two more occasions in an effort to fix the leaking ceiling. These repairs failed, and Middlebrooks testified that he called the head of CMHA. Finally, Middlebrooks contends that he showed a CMHA relocation specialist his apartment, and that, despite the repair work, his apartment ceiling still leaked. In the days before the incident, Middlebrooks claims that CMHA sent him a letter deeming his apartment a safety hazard.

{¶17} Construing Middlebrooks's testimony most strongly in his favor as the

nonmoving party, a factfinder could reasonably determine that CMHA had notice of the physical defect in Middlebrooks's apartment. Therefore, a genuine issue of material fact exists as to whether CMHA had notice of a physical defect in Middlebrooks's apartment, and the trial court did not err in denying CMHA's motion for summary judgment on the basis of political subdivision immunity.

**{¶18}** We overrule CMHA's sole assignment of error.

### *Conclusion*

**{¶19}** When considering the record evidence in a light most favorable to Middlebrooks, a genuine issue of material fact remains as to whether CMHA had notice of a physical defect within Middlebrooks's apartment under R.C. 2744.02(B)(4). Middlebrooks provides specific facts in his deposition, which, if believed, would support the proposition that CMHA had notice of a physical defect. Therefore, the trial court properly denied summary judgment to CMHA on the basis of immunity.

**{¶20}** We affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS** and **NESTOR, JJ.,** concur.