[Cite as *Dove v. Cincinnati Metro. Hous. Auth.*, 2026-Ohio-677.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| ANNA FRANCES DOVE, | : | APPEAL NO. | C-250296 |
| | | TRIAL NO. | A-2304809 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *JUDGMENT ENTRY* | |
| CINCINNATI METROPOLITAN HOUSING AUTHORITY, | : | | |
| | : | | |
| Defendant-Appellant. | : | | |
| | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 2/27/2026 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *Dove v. Cincinnati Metro. Hous. Auth.*, 2026-Ohio-677.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


ANNA FRANCES DOVE,                  :          APPEAL NO.   C-250296
                                               TRIAL NO.    A-2304809
    Plaintiff-Appellee,         :

  vs.                               :

CINCINNATI METROPOLITAN            :
HOUSING AUTHORITY,
                                   :          *O P I N I O N*
    Defendant-Appellant.
                                   :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: February 27, 2026

*O'Connor Acciani & Levy, LPA*, and *Elizabeth L. Acciani* for Plaintiff-Appellee,

*Adams Law, PLLC*, *Jeffrey C. Mando*, and *Casmir M. Thornberry*, for Defendant-Appellant.

**MOORE, Judge.**

**{¶1}** Defendant-appellant Cincinnati Metropolitan Housing Authority ("CMHA") appeals from the judgment of the Hamilton County Court of Common Pleas denying its motion for summary judgment on the issue of whether CMHA is immune from plaintiff-appellee Anna Frances Dove's claims. CMHA asserts that its failure to install a grab-bar in Dove's shower did not constitute a physical defect, and argues that Dove has failed to demonstrate that the exception to immunity in R.C. 2744.02(B)(4) applies. For the following reasons, we disagree and affirm the judgment of the trial court.

## I. *Factual and Procedural History*

**{¶2}** On November 7, 2023, Dove filed a complaint against CMHA, alleging that CMHA's negligent failure to install a grab-bar in her shower caused her to fall and sustain injuries. Dove's complaint alleged that CMHA committed negligence, that as a landlord CMHA violated a duty owed to Dove as a tenant under R.C. 5321.04 to put and keep the premises in a fit and habitable condition, and that CMHA's inaction breached the implied warranty of habitability. CMHA asserted that it was immune from suit pursuant to Ohio's Political Subdivision Tort Liability Act, codified in R.C. 2744.01.

**{¶3}** During Dove's deposition, she explained that as a 70-year-old woman with a bad back who lived alone, she felt more comfortable having a grab-bar in her shower. She stated that no fall or accident prompted this request, but rather general concerns for her future safety. Dove recalled that in June 2021, she applied for the grab-bar to be installed, in addition to other accommodations such as a motorized garage door and railing along the front of her home. Along with her application, Dove submitted a doctor's recommendation. Soon thereafter CMHA approved Dove's

request.

{¶4} CMHA's approval letter approved all proposed accommodations and specifically stated that "CMHA approves this modification as a reasonable accommodation due to your disability." While the motorized garage door and railing were implemented, the grab-bar was never installed. Dove stated in her deposition that she contacted CMHA two to three times a week for updates on the installation of the grab-bar, but this was to no avail. In November of 2021, Dove fell in her shower and broke her wrist.

{¶5} At the close of discovery, CMHA filed a motion for summary judgment arguing that it was immune from Dove's claims. In anticipation of Dove's arguments that an immunity-exception applied, CMHA specifically addressed the exception contained within R.C. 2744.02(B)(4), which provides in relevant part that

> (B)(4)[P]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is *due to physical defects* within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

(Emphasis added.)

{¶6} On April 30, 2025, the trial court denied CMHA's motion for summary judgment in part. The court granted CMHA's motion with regards to Dove's implied-warranty-of-habitability claim but denied the motion on the remaining causes of action. The court cited to the Ohio Supreme Court's plurality opinion in *Doe v.*

*Greenville City Schools*, 2022-Ohio-4618, ¶ 24-25, holding that the absence of a safety feature may constitute a "physical defect" necessary to satisfy R.C. 2744.02(B)(4)'s immunity exception.

**{¶7}** This appeal followed. *See Hubbell v. Xenia*, 2007-Ohio-4839, ¶ 12, citing R.C. 2744.02 (holding the denial of a political subdivision's motion seeking immunity constitutes a final appealable order).

## II. Analysis

**{¶8}** In its sole assignment of error, CMHA alleges that the trial court erred in concluding that it is not immune. Specifically, CMHA asserts that the absence of a grab-bar in Dove's shower does not constitute a physical defect under R.C. 2744.02(B)(4)'s immunity exception. We disagree.

### A. Physical Defect

**{¶9}** We review a court's grant of summary judgment and denial of governmental immunity de novo. *Johnson v. Cincinnati Metro. Hous. Auth.*, 2022-Ohio-26, ¶ 9 (1st Dist.), citing *Frank v. Southwest Ohio Regional Transit Auth.*, 2020-Ohio-5497, ¶ 11 (1st Dist.).

**{¶10}** The Political Subdivision Tort Liability Act establishes governmental immunity for political subdivisions and their employees. *Id.* at ¶ 10. However, immunity is not absolute, and the Act sets forth a three-tiered analysis to assess whether a political subdivision is entitled to immunity: (1) was the political subdivision performing a governmental or proprietary function; (2) do any of the five exceptions contained within R.C. 2744.02(B) apply; and (3) if any of the exceptions contained within R.C. 2744.02(B) apply, do any of the defenses contained within R.C. 2744.03 apply to reinstate immunity.

**{¶11}** Neither party disputes that the first tier was met, and we have held in

the past that CMHA performs a governmental function by operating a housing authority. *Id.* at ¶ 11. CMHA does not contend that any defense contained in R.C. 2744.03 applies.

{¶12} The outcome of this appeal hinges on the second tier, the applicability of the physical-defect exception in R.C. 2744.02(B)(4). We have previously held that three elements must be met to satisfy the physical-defect exception:

> plaintiff must allege that the injury, death, or loss (1) resulted from employee negligence, (2) occurred within or on the grounds of buildings used in connection with a governmental function, and (3) resulted from a physical defect within or on the grounds of buildings used in connection with a governmental function.

*Johnson*, 2022-Ohio-26, at ¶ 14 (1st Dist.), quoting *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, ¶ 15 (1st Dist.), citing *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, ¶ 15 (4th Dist.). CMHA only challenges whether the "physical defect" element was met.

{¶13} Whether the absence of a safety feature constitutes a "physical defect" is not a novel issue. The Supreme Court in *Doe,* 2022-Ohio-4618, attempted to resolve this issue. *Doe* at ¶ 1. There, two high school students were injured in a chemistry lab fire and alleged that the lack of fire extinguishers or other safety equipment in the classroom amounted to a physical defect. *Id.* at ¶ 2-3. The challenge presented before the Court was whether the appellate court erred in affirming the trial court's denial of the school's motion to dismiss because it was immune under R.C. Ch. 2744. *Id.* at ¶ 6.

{¶14} In its plurality opinion, the Court recognized that the majority of appellate courts have held that the absence of or failure to use or incorporate safety equipment could create a physical defect. *Id.* at ¶ 24; *see Moss v. Lorain Cty. Bd. of*

6

*Mental Retardation*, 2009-Ohio-6931, ¶ 15-16 (9th Dist.) (holding that whether a kitchen in a special-needs classroom was negligently designed, and therefore constituted a physical defect, raised a genuine issue of material fact); *DeMartino v. Poland Local School Dist.*, 2011-Ohio-1466, ¶ 15 (7th Dist.) (holding the failure to use a lawn mower's provided discharge chute could be a physical defect); *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907, ¶ 24 (5th Dist.) (holding that, while an orchestra pit was not inherently defective, the failure to incorporate safety features, like railings or reflective lights around the orchestra pit created a genuine issue of material fact as to whether the pit without the safety features constituted a physical defect); *Kerber v. Village of Cuyahoga Hts.*, 2015-Ohio-2766, ¶ 26 (8th Dist.) (holding that whether the use of a lower-elevated life-guard chair with limited surveillance at a pool created a physical defect was a genuine issue of material fact). Drawing from these opinions, the plurality concluded that the failure to have safety equipment could constitute a physical defect. *Doe* at ¶ 27.

**{¶15}** However, Justice Kennedy opined—in her dissent joined by Justice DeWine and Justice Donnelly—that based on the plain meanings of "physical" and "defect" the absence of safety features in the lab did not render the classroom defective where nothing in the complaint alleged "that a safety device such as a fire extinguisher was required to be in the classroom as part of the classroom's design or by law." *Id.* at ¶ 35, 38. Because neither term is statutorily defined, the dissent turned to the dictionary definitions of the terms. *Id.* at ¶ 35; *see City of Athens v. McClain*, 2020-Ohio-5146, ¶ 30 (we look to the dictionary definition to determine the normal meaning of a word).

The word "physical" means "of or relating to natural or material things as opposed to things mental, moral, spiritual, or imaginary." *Webster's*

*Third New International Dictionary* 1706 (1993); *see also Black's Law Dictionary* 1331 (10th Ed.2014) (defining "physical" to mean "[o]f, relating to, or involving material things; pertaining to real, tangible objects"). And the word "defect" means "an irregularity in a surface or a structure that spoils the appearance or causes weakness or failure: FAULT, FLAW." *Webster's* at 591. It also means "want or absence of something necessary for completeness, perfection, or adequacy in form or function: DEFICIENCY, WEAKNESS." *Id.*; *see also Black's* at 507 (defining "defect" as "[a]n imperfection or shortcoming, esp[ecially] in a part that is essential to the operation or safety of a product").

*Doe*, 2022-Ohio-4618, at ¶ 35 (Kennedy, J., dissenting).

{¶16} In applying the plurality's analysis and the dissent's exposition of the definitions of "physical" and "defect," we hold that based on the specific circumstances presented in this case, the absence of the grab-bar in fact did constitute a physical defect.

{¶17} CMHA approved Dove's "request for reasonable accommodation," and stated that the approval was due to her disability. Under the circumstances presented in this case, we hold that CMHA's approval was equivalent to being required by design or law. Therefore, without the grab-bar, Dove's shower lacked "something necessary for completeness, perfection, or adequacy in form or function." *Id.*; *see Jones*, 2013-Ohio-3907, at ¶ 23 (5th Dist.) (once an instrumentality ceases to operate safely due to a "perceivable condition," that condition may constitute an imperfection that lessens the instrumentality's utility or worth). Because CMHA recognized that the accommodation was reasonable and necessary due to Dove's "disability," CMHA's failure to install the grab-bar constituted a physical defect.

**{¶18}**   Accordingly, we overrule CMHA's sole assignment of error.

### III. Conclusion

**{¶19}**   Therefore the trial court's denial of CMHA's motion for summary judgment is affirmed. We remand the cause for further proceedings consistent with this opinion.

                                             Judgment affirmed and cause remanded.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.